UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO WUILLAM PINAS DAMIAN, | No.  1:26-cv-04288-DAD-CKD (HC) |
| Petitioner, | |
| v. | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| WARDEN, CALIFORNIA CITY CORRECTION CENTER et al., | (Doc. No. 2) |
| Respondents. | |

On June 4, 2026, petitioner, proceeding *pro se*, filed a motion for temporary restraining order arguing that his detention without a bond hearing violates due process.  (Doc. No. 2.)  On June 10, 2026, respondents filed an opposition to the pending motion.  (Doc. No. 6.)  In that opposition, respondents argue that petitioner has been lawfully detained pursuant to 8 U.S.C. § 1226(a) for approximately two months, received a bond hearing, and has been granted voluntary departure.  (*Id.* at 4–6.)

Based on the briefing and supporting documentation in support thereof, the court finds the following facts.  On or about April 8, 2015, petitioner was lawfully admitted to the United States pursuant to a temporary agricultural worker visa, with authorization to remain in this country until January 9, 2016.  (Doc. No. 6-1 at 2.)  Petitioner stayed in the United States past that authorization date and has remained in this country since his initial entry in April 2015.  (*Id.*)  On

1

or about April 6, 2026, petitioner was arrested by immigration authorities at the Riverdale Justice Court in Riverdale, Utah.  (*Id.*)  On May 29, 2026, an immigration judge ("IJ") granted petitioner's application for voluntary departure in lieu of removal and did so under safeguard pursuant to § 240B(a) of the Immigration and Nationality Act.  (Doc. No. 6-3 at 1.)  The IJ ordered petitioner's voluntarily departure from the United States on or before June 29, 2026, and further ordered that petitioner would immediately be subject to an order of removal if he failed to comply with the conditions of the order granting voluntary departure.  (*Id.*)  Petitioner waived the right to appeal the IJ's order.  (*Id.* at 3.)

As noted above, petitioner argues in the motion for temporary restraining order that his detention without a bond hearing violates due process.  (Doc. No. 2 at 1.)  The government suggests that petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a).  *See Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112–16 (E.D. Cal. 2025) (recognizing that generally that individuals detained after living in the United States are subject to § 1226(a)).  However, because the IJ granted petitioner's application for voluntary departure, removal proceedings have concluded as to petitioner and he is no longer subject to § 1226(a), the statutory scheme which governs while removal proceedings are on-going.  *See Ndong v. Oddo*, No. 3:26-cv-00901, 2026 WL 1660100, at *2 (W.D. Pa. June 9, 2026) ("Petitioner is subject to voluntary departure under safeguards and thus falls outside the purview of 8 U.S.C. § 1226(a)[.]").

Indeed, as another district court has explained:

> By statute, voluntary departure is granted "in lieu of" being subjected to removal proceedings.  8 U.S.C. § 1229c(a)(1).  Thus, the entry of the voluntary departure order by the Immigration Judge terminated any removal proceedings such that Petitioner is no longer awaiting a decision on removal. (ECF No. 7-1 at 1).  Accordingly, Petitioner no longer falls under § 1226(a) and a ruling on his challenge to his detention without a bond hearing would not make a difference to his legal interests such that his petition is moot.

*Boutinkhar v. Dir., U.S. Immigr. & Customs Enf't*, No. 4:25-cv-02802-DCN, 2026 WL 815824, at *4 (N.D. Ohio Mar. 25, 2026) (footnote omitted), *report and recommendation adopted*, No. 4:25-cv-02802, 2026 WL 1166493 (N.D. Ohio Apr. 29, 2026); *see also Rodriguez-Rodriguez v. Raycraft*, No. 3:26-cv-00667, 2026 WL 1453772, at *3 (N.D. Ohio May 22, 2026) (concluding

that any challenges to detention pending removal proceedings was rendered moot by the granting of voluntary departure); *Ndong*, 2026 WL 1660100, at *2 (same).  Accordingly, because petitioner's removal proceedings ended with the IJ's granting of his application for voluntary departure, the court concludes that petitioner is not likely to succeed on the merits of his claim that his detention without a bond hearing violates due process at this time.

For these reasons, petitioner's motion for temporary restraining order (Doc. No. 2), is denied without prejudice to renewal should petitioner remain detained after the June 29, 2026 deadline set by the IJ's order for petitioner's voluntary departure.  This case is referred to the assigned magistrate judge for further proceedings on the pending petition for habeas relief.

IT IS SO ORDERED.

Dated:   **June 16, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE